**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JOHN DAVID VANCUREN,    )
                        )
       Petitioner,     )
                        )
vs.                     )    Case No. 08-CV-408-GKF-SAJ
                        )
JUSTIN JONES,           )
                        )
       Respondent.     )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss petition for writ of habeas corpus for failure to timely file petition (Dkt. # 7). Respondent also filed a brief in support of the motion (Dkt. # 8). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposes a one-year limitations period on habeas corpus petitions. For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice.

### *BACKGROUND*

The record reflects that on September 9, 1994, in Ottawa County District Court, Case No. CF-1994-113, Petitioner John David Vancuren was convicted on his plea of guilty to an amended charge of First Degree Manslaughter. (Dkt. # 8, Ex. 1). The trial court sentenced Petitioner to thirty (30) years with all but the first twenty (20) years suspended. Id. Petitioner did not file a motion to withdraw his plea and did not perfect a *certiorari* appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 8, Ex. 2.

On February 1, 2007, the State filed a motion to revoke suspended sentence. See Dkt. # 8, Ex. 2. On March 13, 2007, a Judgment and Sentence on the revocation was entered. Id. Petitioner did not file an appeal from the revocation proceeding. Id.

Petitioner took no action challenging his conviction until October 29, 2007, when he filed an application for post-conviction relief. Id. On February 11, 2008, the district court entered a minute order denying the application. Id. Petitioner filed a petition for writ of mandamus in the OCCA, No. MA-2008-162, see www.oscn.net, and the matter was remanded to the district court for "preparation of a proper order." See Dkt. # 8, Ex. 2. On March 28, 2008, the district court denied post-conviction relief. Petitioner appealed and on June 23, 2008, in No. PC-2008-345, the OCCA affirmed the denial of post-conviction relief. See www.oscn.net.

On July 16, 2008, Petitioner filed his petition for writ of habeas corpus (Dkt. #1). He challenges the validity of his conviction, arguing that because he had prior felony convictions, he was ineligible for a suspended sentence. See Dkt. # 1. He states that this claim was raised in his post-conviction proceeding. Id. He does not allege that the revocation of his suspended sentence was improper. Id.

### *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

2

> United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003). In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit Court of Appeals also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Petitioner failed to file his habeas petition within the one-year limitations period. His conviction became final on September 19, 1994, ten days after entry of his Judgment and Sentence. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As Petitioner's conviction became final before April 24, 1996, the date of enactment

of the AEDPA, any habeas petition filed after April 24, 1997, absent a tolling event, would be untimely.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the grace period. He did file an application for post-conviction relief on October 29, 2007, or long after expiration of the grace period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Because the one-year limitations period was not tolled under § 2244(d)(2), Petitioner's petition for writ of habeas corpus, filed on July 16, 2008, appears to be time barred.

In his response to the respondent's motion to dismiss, Petitioner argues the merits of his habeas claims and asserts that he is entitled to equitable tolling. See Dkt. # 9. He claims that under Bumpus v. State, 925 P.2d 1208 (Okla. Crim. App. 1996), his conviction is "void" and he is entitled to withdraw his guilty plea. (Dkt. # 9). Petitioner argues that because his conviction is "void," his petition is "categorically exempt from Section 2244's limitation period." See id. He also argues that he is entitled to equitable tolling because the limitations period was not in effect at the time he received the unauthorized sentence in 1994 and he had no knowledge of the AEDPA prior to the expiration of the one-year grace period. Id. As a result, he claims he has demonstrated "rare and exceptional circumstances" justifying equitable tolling.

To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

Case 4:08-cv-00408-GKF-tlw   Document 12 Filed in USDC ND/OK on 01/05/09   Page 5 of 6

stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

After his conviction became final in 1994, Petitioner made no effort to pursue his federal habeas claim until October, 2007. Petitioner's excessive delay of thirteen years in seeking post-conviction relief in state court demonstrates that he did not diligently pursue his claim. Petitioner asserts, however, that this action should not be time barred because the limitations period did not exist at the time of his conviction and he had no knowledge of the AEDPA until after the grace period had already expired. In the absence of a showing of "specific facts to support [a] claim of extraordinary circumstances and due diligence," Yang, 525 F.3d at 928, *pro se* status and ignorance of the law do not entitle a petitioner to equitable tolling, see Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has made no such showing of specific facts. Also, Petitioner makes no argument and cites no evidence that this lengthy delay was due to "extraordinary circumstances beyond his control." Id. Petitioner is not entitled to equitable tolling.

5

*CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year grace period, Respondent's motion to dismiss for failure to file within the limitations period shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 7) is **granted**.
2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.
3. A separate judgment shall be entered in this matter.

DATED THIS 5th day of January, 2009.

*Gregory K. Frizzell*
Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma